# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| GLORIA A. MARTINEZ, § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:06-CV-415-A |
| § | |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF SOCIAL SECURITY, § | |
| DEFENDANT. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND
## NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

A.  STATEMENT OF THE CASE

Plaintiff Gloria Martinez brings this action pursuant to Section 405(g) of the Social Security Act, Title 42 of the United States Code, for judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. Martinez applied for disability benefits on October 20, 2003, with an alleged disability onset date of September 3, 2003. (Tr. 58). She met the disability insured status requirements at all times relevant to the administrative decision. (Tr. 70, 73). After her application for benefits was denied initially and on reconsideration, Martinez requested a hearing before an administrative law

judge (the "ALJ"), and ALJ Ward D. King held a hearing on October 25, 2005 in Fort Worth, Texas. (Tr. 410-426). Martinez was represented by counsel. On November 17, 2005, the ALJ issued a decision that Martinez was not disabled because she had the residual functional capacity (RFC) to perform a modified range of light work, including her past relevant work. (Tr.16-24). The Appeals Council denied Martinez's request for review, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 6).

B. STANDARD OF REVIEW

The Social Security Act defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1527. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c). At the third step, disability will be found if the claimant's impairment or combination of impairments meets or equals an impairment listed in the appendix to the regulations. *Id.* § 404.1520(d). Fourth, if disability cannot be found on the basis of a listing alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* § 404.1520(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* § 404.1520(f);

*Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir.1999).

At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant satisfies this responsibility, the burden shifts to the Commissioner at step five of the process to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Crowley*, 197 F.3d at 198. A finding at any point in the five-step process that a claimant is disabled or not disabled is conclusive and terminates the analysis. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id*. Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson*, 309 F.3d at 272. The court will not re-weigh the evidence, try the questions *de novo,* or substitute its judgment for the Commissioner's, even if the court believes the evidence weighs against the Commissioner's decision. *Id.*; *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000); *Hollis*, 837 F.2d at 1383.

C.  ISSUES

Whether the ALJ complied with relevant legal standards in finding that Martinez can perform her past relevant work, and whether that determination is supported by substantial evidence.

D.  ADMINISTRATIVE DECISION[1]

The ALJ found that Martinez had not engaged in substantial gainful activity since her alleged onset date, and further found that the medical evidence established that Martinez had numerous impairments: obesity, a previous left wrist fracture, degenerative changes in her spine, hypertension, non-insulin dependent diabetes mellitus, peripheral neuropathy, anemia, dysthmia,[2] and a history of anxiety. (Tr. 17). The ALJ determined that Martinez's impairments were severe, but did not meet or equal the criteria for any listed impairment. Instead, the ALJ found that Martinez was able to perform light work, except she could stoop, kneel, crouch, or crawl only occasionally, and she was capable of understanding, remembering, and carrying out detailed—but not complex —instructions. (Tr. 23). Based on a vocational expert's testimony during the administrative hearing, the ALJ found that Martinez could return to her past relevant work as an imaging preparer, a scanner, an auditor, a quality control worker, and a quality control verifier. (Tr. 23). Accordingly, the ALJ found Martinez was not disabled and was not entitled to disability insurance benefits. (Tr. 24).

---

[1] Martinez does not challenge the ALJ's findings at the first three steps of the sequential evaluation process or the ALJ's assessment of her residual functional capacity (RFC). Accordingly, a summary of Martinez's treatment history is unnecessary. Specific references and citations to the administrative record will be included in the discussion section as relevant.

[2] Dysthmia is a mood disorder characterized by depressed feelings and loss of interest or pleasure in usual activities, and in which the associated symptoms have persisted for more than two years, but are not severe enough to meet the criteria for major depression. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 529 (29th ed. 2000).

E.    DISCUSSION

Martinez contends that the ALJ did not follow applicable legal standards that require him to make factual findings in support of his Step-Four conclusion that she was capable of performing her past relevant work. More specifically, Martinez asserts that the ALJ did not make the necessary factual findings with respect to her ability to perform the mental demands of her past relevant work.

There are three phases in the determination of whether a claimant can return to her past relevant work: In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC). *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In the second phase, the ALJ must determine the physical and mental demands of the claimant's past relevant work, and in the third phase, the ALJ must determine whether the claimant has the ability to meet the job demands found in the second phase despite the mental and/or physical limitations found in phase one. *Id.* Before finding that the claimant can return to his past work, the ALJ must directly compare the claimant's remaining functional capacities with the physical and mental demands of his previous work. *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994). An ALJ must make specific findings of fact at each phase of the process. SOCIAL SECURITY RULING 82-62.

The ALJ found that Martinez retained the mental RFC for work that was detailed, but not complex. Martinez does not challenge the ALJ's assessment of her RFC (phase one), but complains that the ALJ did not make specific findings with respect to the mental demands of her previous jobs (phase two) or compare those demands to her RFC (phase three) before determining that she could perform her past relevant work.

In assessing the demands of a claimant's previous occupation, the claimant is the primary

source of vocational documentation, and the claimant's statements are generally sufficient to determine skill level, exertional demands, and nonexertional demands of a previous job. SOCIAL SECURITY RULING 82-62. For situations where available documentation and vocational resource materials are insufficient to determine how a particular job is usually performed, it may be necessary to obtain the services of a vocational expert. *See* 20 C.F.R. § 405.1560(b)(2); SOCIAL SECURITY RULING 82-61. The ALJ may not rely on generic classifications of previous jobs. *Id*. *See also Latham*, 36 F.3d at 484.

Martinez acknowledges that a vocational expert can be a reliable source about the demands of previous work, and in her case, the vocational expert testified about the complexity of her previous jobs by identifying their respective reasoning levels.[3] Martinez, however, complains that the ALJ violated Social Security Ruling 82-62 because he did not make express findings in his written decision about the complexity or mental demands of her previous. Martinez asserts that the ALJ, having failed to make express findings about the mental demands of her previous work, could not complete his analysis at phase three by comparing those demands to her remaining functional capacity for mental work-related activities. She complains that the ALJ summarily concluded that she could perform her past relevant work after abdicating his responsibility to compare the demands of her previous work with her RFC to the vocational expert.

---

[3] The vocational expert testified that Martinez's previous work as an auditor had required level-four reasoning skills, while her work experience as a document scanner, quality control clerk, and microfilm document preparer had required level-three reasoning skills. (Tr. 425). "Level 3" reasoning skills require commonsense understanding to carry out instructions furnished in a written, oral, or diagrammatic form and deal with problems involving several concrete variable in or from standardized situations. *See* DICTIONARY OF OCCUPATIONAL TITLES app. C (rev. 4th ed. 1991)(Scale of General Education Development). "Level 4" reasoning skills require the application of principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. *Id*.

The Commissioner concedes that the ALJ committed error when he made no explicit finding with respect to the mental demands of Martinez's previous work; however, the Commissioner asserts that the error was not prejudicial. Social Security Rulings are published under authority of the Commissioner and are binding on the Administration. *Hall v. Schweiker*, 660 F.2d 116, 119 n.4 (5th Cir. [Unit A] 1981)(per curiam). An agency must follow its own procedures, even if those procedures are more rigorous than what would otherwise be required. *Hall*, 660 F.2d at 119, *cited in Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). But reversal or remand for a violation of the agency's internal rules is appropriate only if the aggrieved party demonstrates prejudice as a result. *Hall*, 660 F.2d at 119. A claimant establishes prejudice by showing that adherence to the Ruling might have led to a different decision. *See Newton v. Apfel*, 209 F.3d at 458 (5th Cir.2000); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir.1995).

Martinez asserts that she was prejudiced because the ALJ, by failing to make express findings in his written decision, did not resolve the issue of whether her past work involved complex or detailed instructions. Instead, she complains that the ALJ improperly delegated responsibility to the vocational expert to assess the complexity of her previous work, and in turn, compare the requirements of her previous work to her RFC. In demonstrating harm, she notes that if the ALJ had found that her past work involved complex instructions, then she would have been found unable to perform her past relevant work. Martinez asserts that the analysis would then have proceeded to Step Five and she would have been found disabled given her advanced age, a limitation to light work, and a lack of evidence that she had acquired any transferable work skills. *See* 20 C.F.R. Part 404, Subpart P, Table No. 2, Rule 202.06 (Medical-Vocational Guidelines).

Martinez relies on a Tenth Circuit case, *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), in which the appellate court noted that the ALJ's specific findings at Step Four allow for meaningful judicial review. The court found that the ALJ could rely on vocational expert testimony at Step Four, but noted that when the ALJ assesses a claimant's limitations and the remainder of the Step Four assessment "takes place in the VE's head," there is nothing for the court to review. *Id.* at 1025. At issue is whether the ALJ made the required findings based on the vocational expert testimony, which is acceptable, or whether he abdicated that responsibility to the vocational expert, which is not. *Id.* at 1025-26. An ALJ who quotes the vocational expert's testimony approvingly has not improperly delegated his duty. *See Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003). And the lack of prefacing words such as "I find" in the ALJ's discussion are not fatal when the substance of what the ALJ found is clear. *Id.*

Although the ALJ, in deciding Martinez's case, did not address the physical and mental demands of her previous work with specificity, he stated that he found that Martinez's past relevant work, as generally performed in the national economy, did not require work-related activities precluded by Martinez's RFC. In making this determination, the ALJ considered and accepted the vocational expert's opinion, which was based on a hypothetical question that reflected all of Martinez's impairments and her RFC as found by the ALJ. (Tr. 23). Martinez has not challenged the RFC assessment, but asserts that there is a reasonable possibility that the ALJ might have decided that she was unable to perform her previous work if he had made the specific findings required by the social security rulings. More specifically, she contends that the ALJ might have found that her past work required more than the detailed instructions that she is capable of

understanding, remembering, and executing.[4] There is no support for her contention in the record.

The ALJ accepted the vocational evidence, which included the vocational expert's identification of the reasoning skills required to perform Martinez's previous work and the vocational expert's testimony that a hypothetical worker limited to a modified range of light work with detailed, but not complex, instructions could perform Martinez's previous work. The ALJ did not abdicate his role as a fact-finder to the vocational expert, but as authorized, he relied on vocational evidence in deciding that Martinez's previous work was compatible with her RFC. The ALJ's determination at Step Four is supported by substantial evidence.[5]

Although the ALJ did not make explicit findings with respect to the mental demands of Martinez's past relevant work, Martinez demonstrates no material harm or prejudice as a result. Accordingly, reversal and/or remand is not warranted.

## RECOMMENDATION

It is recommended that the decision of the Commissioner be affirmed.

---

[4] Martinez cites to a Maine district court opinion for the proposition that level-three (or greater) reasoning is not suitable for a person limited to simple, occasionally detailed, non-complex instructions. *Hodgson v. Barnhart*, 2004 WL 1529264 (D. Me. June 24, 2004). Aside from being no more than persuasive authority, Hodgson's RFC appears to be factually distinguishable. Martinez cites no authority for the proposition that a claimant's inability to understand, remember, and carry out complex instructions is incompatible with a reasoning development of at least level three.

[5] Martinez's citation to the Fifth Circuit's opinion in *Latham* or this court's decision in *Hines v. Barnhart* does not compel a different result. In both cases, the ALJ utilized only generic descriptions of the claimants' previous work in deciding that each claimant was not disabled at Step Four, and there is no indication that a vocational expert or other vocational resource was consulted so as to provide supporting evidence for the ALJs' respective determinations. *See generally Latham*, 36 F.3d at 484; *Hines v. Barnhart*, 2003 WL 23323615, *7-8 (N.D. Tex. June 5, 2003)(Findings, Conclusions and Recommendation of the Magistrate Judge).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until August 21, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until August 21, 2007 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED JULY 31, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE